# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

State Board of Barber Examiners
Austin, Texas

Gentlemen:

Re: Opinion No. O-2149
The beginning of the five years retirement period with reference to renewals of barber licenses.

ATT'N: O. B. LaGrone, Secretary



We are in receipt of your letter of recent date requesting the opinion of this department touching the following provision appearing in Section 20 of the Texas Barber Law (Sec. 20, Art. 734a, P.C.):

"* * * Any registered barber who retires from the practice of barbering for not more than five (5) years may renew his certificate of registration by making proper showing to the Board, supported by his personal affidavit, which in the opinion of the Board would justify the Board in issuing a certificate to such applicant as upon an original application upon payment of a fee of five dollars ($5.00) when filing affidavit as fee for making examination."

Pertaining to this provision, you ask the following question:

"Does the barbers five year retirement begin with issuance of license or with termination of license?"

It is our opinion that this five year retirement period has no relation to the date of the issuance of the license or of its termination, but that such period begins upon the date of the particular barbers

GERALD C. MANN
ATTORNEY GENERAL

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

State Board of Barber Examiners, page 2

actual retirement from the practice of barbering.

It is observed that the certificate of registration required by Section 20 of the Act pertains specifically, and only, to "every registered barber and every registered assistant barber, who continues in active practice or service". Accordingly, a barber who has retired is not required to annually renew his certificate of registration. He may, however, at any time between the date of his retirement and five years thereafter renew his certificate of registration in the manner provided in Section 20 of the Act, quoted above.

We do not believe that it was intended, when a barber retires during the period of his annual license, that the five year retirement period should not commence until the expiration of the license period; nor do we believe it was intended, under such circumstances, that the five year retirement period would have begun as of the date of the issuance of the annual license. Rather, it is our opinion that the retirement period begins when the barber actually retires from the practice of barbering.

To hold that this five year retirement period commences on the date of the termination of a current license period would enable a person to secure his annual license, retire from the practice of barbering immediately thereafter, and have not only the period of five years but the additional time that his license had to run following his retirement in which to avail himself of the provisions of Section 20; on the other hand, to hold that the five year retirement period commences on the date of the issuance of the license would prevent the person from having the full five years retirement period contemplated by the statute for such time as he would have practiced barbering following the issuance of his current license and the date of his retirement during the annual license period.

Trusting that this satisfactorily answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

ZCS:ob APPROVED APR 8, 1940

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY